## THERESA H. MORSE & another *vs.* INHABITANTS OF NATICK.

Middlesex.     January 16, 1900. — September 5, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Will — Life Estate — Public Charity — Permanent Care of Burial Place and Monument — Perpetuity — Perpetual Trust — Agreed Facts — Waiver of Question of Form.*

A testator gave his sister, R., the residue with power "to sell and dispose of so much . . . as will ensure her a comfortable living," with "full control" and "with full power to deed to her grantees, their heirs and assigns forever," and gave at her decease the balance to the town of N., in trust, the income to be used "for the preservation of the monument which my executor is hereby authorized to erect at my grave, and for the care and beautifying of my lot in the cemetery. . . . The town shall not expend a greater sum than four per cent per annum, deeming that as large an amount as the town ought to pay." The residue consisted of real estate. R. survived the testator and left at the time of her decease a will, in which she gave the residue of her estate to A. and B. *Held*, on a writ of entry by A. and B. against the town of N., that R. took under her brother's will a life estate; that the bequest for the care of the monument and the cemetery lot was a good perpetual trust; that the fact that the town had ceased to own the cemetery at R.'s death, or that the testator never owned a lot in the cemetery, was immaterial; that it made no difference that the property devised consisted of real estate, and that the direction that not more than four per cent per annum should be expended by the town, referred to an amount not exceeding four per cent on the principal.

On a writ of entry the pleading by a tenant of a general denial is irregular in form, but by submitting the case on agreed facts the parties waive all questions of form.

WRIT OF ENTRY, to recover possession of a certain farm in Natick consisting of about fifty acres of land, with a dwelling-house thereon. The answer was a general denial.

The case was submitted to the Superior Court, and, after judgment for the demandants, to this court, on appeal, upon agreed facts, in substance as follows.

At the time of his death, in 1887, Collins Morse owned the farm in question, and left a will, the material portion of which is as follows :

" Fifth.   I give, devise and bequeath what is not otherwise disposed of by me, all the rest and residue of my estate, to my sister, Louisa M. Rockwood, for and during her natural life, and she is empowered to sell and dispose of so much of my estate as will ensure her a comfortable living, and to that end she is authorized to sell such portion of my real estate by public or private sale, giving good and sufficient deeds therefor, meaning and intending to give her full control of the same, with full power to deed to her grantees, their heirs and assigns forever.

" And at her decease, I give and devise the balance of my estate, of whatever name or nature, to the town of Natick, but in trust nevertheless, the income of which is to be used for the preservation of the monument which my executor is hereby authorized to erect at my grave, and for the care and beautifying of my lot in the cemetery.   A report of the expenditure shall be made in the annual report of the proceedings of said town.

" That the town shall not expend a greater sum than four per cent per annum, deeming that as large an amount as the town ought to pay."

The testator left as his only heirs at law Louisa M. Rockwood, a sister, the three children of a deceased sister, and Isaac D. Morse, a brother, who died intestate after the testator and before his sister Louisa, leaving no heirs other than those named herein as heirs of his brother.   Louisa M. Rockwood took possession of the farm after the death of her brother Collins, and continued to use and enjoy it until the time of her death, on March 21, 1895.   She did not under the power contained in the will sell or convey during her lifetime any part of it, and made no disposition of it, unless such disposition was made by the following clause of her will: " Tenth.   All the rest, residue and remainder of my estate of every kind I give to Mrs. Edwin Gale and Mrs. James W. Morse, both of Natick, share and share alike to them, their heirs and assigns forever."

Theresa H. Morse and Isabella D. Gale, the demandants, who are the legatees just named above, contend that they are entitled to recover the farm as devisees under the will.   The town

of Natick has been in possession of the farm since the death of Louisa M. Rockwood, and contends that it is entitled to hold the same as devisee under the will of Collins Morse. At no time did Collins Morse own any lot in any cemetery, and he was buried in the lot owned by Louisa M. Rockwood in Dell Park Cemetery in Natick. She provided for the care of the same in her will, but the amount realized by the cemetery thereunder was only $55. This cemetery was at the time of the death of Collins Morse owned by the town of Natick, but at the time of the death of Mrs. Rockwood was owned by a corporation known as Dell Park Cemetery Association, incorporated under a special act of the Legislature in 1890.

If the demandants are entitled to recover the whole or any part of the demanded premises, judgment may be entered for such part; otherwise judgment may be entered for the tenant.

*P. H. Cooney*, for the tenant.

*L. H. Wakefield & H. Hogan*, for the demandants.

MORTON, J. It is clear, we think, that Mrs. Rockwood took, under her brother's will, only a life estate in the rest and residue, with power " to sell and dispose of so much . . . as will ensure her a comfortable living." *Smith* v. *Snow*, 123 Mass. 323. *Kelley* v. *Meins*, 135 Mass. 231. *Welsh* v. *Woodbury*, 144 Mass. 542. There is nothing which gives her a power to dispose of it by will, and the testator's purpose which is expressed, " to give her full control, . . . with full power to deed to her grantees, their heirs and assigns forever," does not convert the interest given her from a life estate into a fee. It was inserted, we think, only to make more clear her right to sell and convey in case it became necessary to do so in order to ensure her a comfortable living. So far, therefore, as the claim of the demandants rests on the alleged right of Mrs. Rockwood to dispose of the rest and residue, or any part of it, by will, it must fail. But as heir at law of her brother she would be entitled to an undivided third of the farm if the attempted disposition of his estate after her death should prove for any reason to be invalid, and this interest, and any other which she had acquired in the mean time, would pass by her will to the demandants. It becomes necessary, therefore, to consider the effect of the disposition which he has attempted to make in that event, which is as

follows: "At her [his sister's] decease, I give and devise the balance of my estate, of whatever name or nature, to the town of Natick, but in trust nevertheless, the income of which is to be used for the preservation of the monument which my executor is hereby authorized to erect at my grave, and for the care and beautifying of my lot in the cemetery. . . . The town shall not expend a greater sum than four per cent per annum, deeming that as large an amount as the town ought to pay."

It is settled in this Commonwealth that a bequest to provide for the permanent care and beautifying of a burial place and monument is not a public charity, and is void at common law as creating a perpetuity. *Bates* v. *Bates*, 134 Mass. 110. See also *Sherman* v. *Baker*, 20 R. I. 446. But it is also settled in this State that a trust to keep a burial lot and monument always in good order is, under our statutes, a good perpetual trust. *Green* v. *Hogan*, 153 Mass. 462. *Bartlett, petitioner*, 163 Mass. 509, 513. The observation in *Leonard* v. *Haworth*, 171 Mass. 496, 499, has no reference to statutory trusts for the purposes there referred to. The fact that the town had ceased to own the cemetery at Mrs. Rockwood's death, or that the testator did not himself own the lot where he was buried, and never owned a lot in the cemetery, is not, we think, material. The effect of the statute is to authorize a city or town to hold money in trust, whether the cemetery is public or private, *Green* v. *Hogan, ubi supra;* St. 1884, c. 186, § 1; and there is nothing to prevent a testator from establishing a fund for the care and beautifying of the lot where he may be buried, and the preservation of the monument erected at his grave, even though he does not own the lot. The purpose of the testator in the present case was, we think, to provide for the care and beautifying of the place of his burial, and for the preservation of the monument erected at his grave. There is nothing to show that the bequest was conditioned, or was intended to be conditioned, on his ownership of the lot. What the effect would be if the parties owning the lot refused to allow at any time the income, or any portion of it, to be expended on the lot or the monument, we need not consider, as that question does not arise. The trust being a valid perpetual trust, it makes no difference, of course, that the property which is devised consists of real estate. The direction

that not more than four per cent per annum shall be expended by the town refers, we think, to income to an amount not exceeding four per cent on the principal. The gift is, in the first instance, of the whole income, to be used for the purposes named, and it is hardly to be supposed, we think, that the testator could have intended, by the direction referred to, to limit the expenditure to the trifling amount of four per cent of it. There is nothing to show that the income has been or is, or probably will be, more than that, or that there has been or will be any accumulation. Indeed, it may be fairly assumed that it is not probable that the town will realize more than four per cent from the trust fund. We do not see, therefore, how it can be held, upon the facts before us, that the bequest is void.

The pleading by the tenant is irregular in form, but by submitting the case on agreed facts the parties have waived all questions of form.

. The result is, that, in accordance with the stipulation contained in the agreed facts, we think that the judgment for the demandants should be set aside, and judgment entered for the tenant.                                         *So ordered.*