Elizabeth G. McCoy & others vs. Inhabitants of Natick.

Middlesex.    November 9, 1920. — January 7, 1921.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Trust*, Validity, Construction, Termination.    *Burial*.

A testator named his sister as the executrix of his will and by it gave the residue of
his estate to her for life with a power to sell so much of it as would insure her a
comfortable living and directed that, after her death, the balance of his estate
should be given to a certain town, in which he had lived when he made his will
and where he had died, "but in trust nevertheless—the income of which is to be
used for the persivation of the monument which my executor is hereby author-
ized to erect at my grave — and for the care and the beautifying of my lot in
the cemetary. A report of the expendature shall be made in the annual report
of the proceeding of said Town   That the Town shall not expend a greater sum
than four per cnt per annum, deeming that as large amount as the Town ought
to pay." The town accepted the trust. The testator owned no lot, and the ex-
ecutrix interred his body in a lot owned by her and erected a monument there for
him. Nearly twenty-four years after her death and about thirty years after the
burial of the testator, successors in title to the burial lot, who comprised ten
of the fifteen heirs at law of the testator, in writing forbade the town to make
further expenditure from the trust fund or income upon the lot or for the pres-
ervation or care and beautification of the monument, and thereafter they, with
the other next of kin of the testator, brought a bill in equity against the town
alleging that the trust had failed, and praying for an accounting as to the in-
come of the trust and for a conveyance to them of the trust estate. The town
demurred. *Held*, that

(1) The trust was not repugnant to law and to public policy, and was valid;

(2) The notice to the town to make no further expenditures from the trust
upon the lot and monument did not amount to a notice forbidding the town to
enter upon the lot;

(3) The purpose of the testator was not defeated by the lot of his executrix
being selected by her for his burial place;

(4) The purposes of the trust not having been accomplished, the trust had
not failed;

(5) The demurrer should be sustained;

(6) The legal standing of the successors in title to the burial lot of the exec-
utrix to forbid access to the lot on the part of the town, and possible results of
such action on their part, not being open on the record, *were not determined*.

Bill in equity, filed in the Superior Court on August 6, 1919,
by all of the fifteen heirs at law and next of kin of Collins Morse,
late of Natick, for the termination of the trust under his will,
described in the opinion. Ten of the plaintiffs, besides being

heirs at law of Collins Morse, were, through wills, successors in title to the burial lot in Dell Park Cemetery, formerly of Louisa M. Rockwood, where Collins Morse was buried as described in the opinion.

The bill alleged that the trust created by the will had failed, and prayed that the defendant account to the plaintiffs for the income of the trust and convey to them the trust property.

The defendant demurred. The demurrer was heard by *Fox, J.*, and was overruled, and the judge reported the suit upon the bill and demurrer to this court for determination, the bill to be dismissed if the demurrer should be sustained; otherwise, a decree to be ordered for an accounting and for conveyance to the plaintiffs in accordance with the prayers of the bill.

*W. R. Bigelow,* for the plaintiffs.

*W. J. Naphen,* for the defendant.

BRALEY, J. The fifth clause of the will reads, "I give devise and bequeath what is not otherwise disposed of by me, all the rest and residue of my estate to my Sister Louisa M. Rockwood, for and during her natural life, and she is impowered to sell and dispose of so much of my estate as will insure her a comfortable living and to that end she is authorized to sell such portion of my real estate by public or private sale, giving good and sufficient deeds therefor, meaning and intending to give her full control of the same with full power to deed to her grantees — their heirs and assigns forever — And at her decease I give and devise the balance of my estate of whatever name or nature to the Town of Natick but in trust nevertheless — the income of which is to be used for the persivation of the monument which my executor is hereby authorized to erect at my grave — and for the care and the beautifying of my lot in the cemetary. A report of the expendature shall be made in the annual report of the proceeding of said Town That the Town shall not expend a greater sum than four per cnt per annum, deeming that as large amount as the Town ought to pay." It was held in *Morse* v. *Natick,* 176 Mass. 510, that Louisa M. Rockwood took a life estate coupled with a power to sell so much of the property "as will ensure her a comfortable living." And "that a trust to keep a burial lot and monument always in good order is, under our statutes, a good perpetual trust." St. 1870, c. 225, §§ 1–3. Pub. Sts. c. 82, § 17.

St. 1884, c. 186, § 1.   R. L. c. 78, § 18.   It there appeared as in the present case that Louisa M. Rockwood died without having sold or conveyed any portion of the real property, and the facts, that when the life estate terminated the town under St. 1890, c. 67, incorporating the Dell Park Cemetery Association had ceased to own or control the cemetery, and that the testator did not own the lot where he was buried, and never owned a lot in the cemetery or elsewhere, were declared to be immaterial.   The town having accepted the trust, an attempt was made in *McCoy* v. *Natick*, 223 Mass. 322, by the heirs at law to obtain for their own benefit any surplus income over the percentage of expenditure fixed by the testator.   But without deciding the question the bill was dismissed on the ground that the record failed "to show that the income has been or is, or probably will be, more than that, or that there has been or will be any accumulation."

The present suit is brought by the testator's heirs at law, and the devisees under the will of Louisa M. Rockwood, to have the trust terminated.   The testator in October, 1888, was buried in a lot in Dell Park Cemetery purchased by Louisa M. Rockwood, who never parted with the title, and we assume from the twelfth paragraph of the bill that a monument has been erected by the executrix.   The owners of the lot on April 5, 1919, about thirty years after the testator's burial and nearly twenty-four years after the death of Louisa M. Rockwood, notified the selectmen and treasurer of the town "that they did from that time on forbid" the town "to pay or expend any sum of money derived from the trust fund and property under the will of the late Collins Morse, or the income thereof, for or upon said lot where said Collins Morse is buried, or for the preservation of the monument thereon, or for the care and beautifying thereof. . . ."   But this notice cannot be construed as a positive refusal to permit the officials of the town to enter upon the lot for the purpose of carrying out the trust.   A notice to the trustee of an express trust by strangers forbidding him to perform his fiduciary duties in the disbursement of money is not a notice by the owners forbidding him to enter upon their land, under penalty of being treated as a trespasser.   The intention of the testator, who knew he did not own a burial lot, that his grave should be appropriately marked, the monument preserved, and the ground kept in order, is manifest.

But having left no directions the first duty of the executrix was to bury the decedent in a manner suitable to the estate which he left, and this has been held to include the purchase of a suitable burial lot and the funeral expenses. *Sweeney* v. *Muldoon,* 139 Mass. 304. *Fairman's Appeal,* 30 Conn. 205. See *Constantinides* v. *Walsh,* 146 Mass. 281, 282. The will was duly admitted to probate and his sister, the executrix as well as the principal beneficiary, must be presumed to have been familiar with its provisions. Her voluntary act in selecting her own lot as the place of interment is insufficient to defeat his purpose. The monument moreover could not have been erected and maintained without her permission, and the devisees who derive title from her have no greater rights. *Toppin* v. *Moriarty,* 14 Dick. 115. The trustee, as we have said, never has been denied access to the lot, and the questions, whether, if taken, such action would be justifiable and decisive, or whether the trustee notwithstanding would be permitted by a court of equity to remove the remains for reinterment and take away the monument, or whether, under St. 1890, c. 67, incorporating the Dell Park Cemetery Association, the rights of lot owners under §§ 1–3, and R. L. c. 78, § 26, have been materially affected, are not open on the record.

The trust not being repugnant to law or contrary to public policy, and its purposes not having been accomplished, the prayer of the bill that "the trust created by his will has failed" cannot be granted. *Young* v. *Snow,* 167 Mass. 287. *Hoffman* v. *New England Trust Co.* 187 Mass. 205.

A decree is to be entered sustaining the demurrer and dismissing the bill with costs.

*Ordered accordingly.*