Estate of Norman C. Small, Henry Jacobson and Samuel E. Robinson, Executors v. Commissioner.
Estate of Small v. Commissioner
Docket No. 2151.
United States Tax Court
1944 Tax Ct. Memo LEXIS 406; 3 T.C.M. (CCH) 2; T.C.M. (RIA) 44002; January 3, 1944
*406 Estate tax: Power of appointment. - Where a father's will provided for transfer of property to "my son * * * or his heirs or devisees," the provision was sufficient to cause the property to be included in the son's gross estate, as property passing under a general power of appointment. M. L. Sears, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: This proceeding is to test the correctness of respondent's determination of a deficiency in estate tax of $34,797.12. The facts have been agreed to by the parties and in so far as necessary for a decision may be briefly given as follows: [The Facts] The petitioners are the duly appointed executors of the will of Norman C. Small, of Fall River, Massachusetts, who died on October 28, 1940. The estate tax return was filed with the Collector of Internal Revenue for the district of Massachusetts on January 28, 1942. Reuben C. Small, father of the decedent, died August 26, 1934. By his will he transferred to his son, Norman C. Small, and another, certain property in trust to pay the income to his wife, daughter and a son in stated amounts, preferentially in the order named. The will further provided as follows: "On *407 the death of my said wife, Annie A. Small, if she shall survive me, or if she shall not outlive me, then within six months from the probate of this instrument, to terminate this trust and within six months thereafter by proper instrument or instruments, to transfer to my said son, Norman C. Small, or his heirs or devisees, all my said corporate stock in said Small Brothers Manufacturing Company, and all the rest or remainder of said trust fund to my said daughter, Edith S. Borden, if she survive me. * * * If the share to my said daughter Edith so devised shall exceed the value of the corporate stock of said Small Brothers Manufacturing Company, and trustees shall, before conveying or turning over to her, said Edith, said share herein devised, pay over or transfer to said Norman C. Small, his heirs, or devisees, from out of said Edith's said share, one-half such excess. The fair value of said corporate stock and the fair value of said Edith's share shall be determined by my friend, Harry L. French, of said Fall River, and my said son Norman C. Small, in conference together. If, however, my said daughter, Edith, shall have deceased before me, or before the termination of the trust, *408 then my said trustees shall, at the termination of the trust, pay over to each of her daughters, said Carolyn S. Wagner, Kathryn S. Fannell and Annie A. Clifton, the sum of ten thousand dollars in addition to the sums bequeathed in the Fourth paragraph hereof, and the entire balance of the trust fund shall be paid to my son Norman C. Small. * * *" Reuben C. Small was survived by his wife, Annie A. Small, by his daughter, Edith S. Borden, and by his son, this decedent, Norman C. Small. Of these Norman was the first to die. At the time of his death his mother was almost 81 years old, and his sister 57 years old. Both still live. Norman C. Small left surviving him as his heirs his widow, Jane D. Small, and a minor son, Douglas Cook Small. By will he established a trust for the benefit of his widow and son. Upon the death of his wife the trust was to be continued until the son should reach the age of 30, when the corpus was to be distributed to him, or in the event of his death to his family, or in default thereof to others. The executors, in the estate tax return, treated the will as the exercise of a general power of appointment under the will of Reuben. To the extent of the property *409 appointed to the widow and son, heirs-at-law, they excluded the value of the appointment from the estate, valuing the contingent gifts-over at $500. The Commissioner disallowed the exclusion on the grounds that either the will operated as the transfer of a vested remainder in fee, under section 811(a) of the Internal Revenue Code, or as an exercise of a power of appointment, the total value of which is includible in the estate, under section 811(f). At the time of death of the decedent the value of the estate subject to the alleged appointment, computed according to actuarial principles, is agreed to have been $89,983.92. The petitioners, abandoning the theory of their return, now contend that the will created only a contingent remainder, or, if it gave a power of appointment, the value of the property appointed is includible only to the extent it appointed to other than heirs. We think that this case may be disposed of under section 811 (f) of the Internal Revenue Code and the recent decision of the Supreme Court of the United States in Rogers v. Helvering, 320 U.S. 410. Section 811 (f) directs that the value of decedent's gross estate shall be determined *410 by including the value of property "To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will * * *." The quoted provision of Reuben Small's will which provides that a portion of the trust fund shall be transferred to "my said son, Norman C. Small, or his heirs or devisees," in our opinion, served to give to Norman a general power of appointment. No technical or expressed words are necessary either in a deed or will to create a general power of appointment and the right given by Reuben's will to Norman to designate who shall take after him is enough. Bundy v. United States Trust Co., 257 Mass. 72, 153 N.E. 337; Forbes v. Snow, 245 Mass. 85, 140 N.E. 418. Rogers v. Helvering, supra, makes clear that the entire value of the property appointed must be included in Norman's estate. As Mr. Justice Frankfurter said: For the purpose of ascertaining the corpus on which an estate tax is to be assessed, what is decisive is what values were included in dispositions made by a decedent, values which but for such dispositions *411 could not have existed. That other values, even if worth more as to some of the beneficiaries, would have ripened into enjoyment if a testator had not exercised his privilege of transmitting property does not alter the fact that he and no one else did transmit property which it was his to do with as he willed. And that is precisely what the federal estate tax hits - an exercise of the privilege of directing the course of property after a man's death. * * * It follows that judgment must go for the respondent. This disposition of the case makes unnecessary a discussion of the alternative issue as to whether Reuben's will served to give to Norman a vested interest in the trust property sufficient to warrant the inclusion of the property in Norman's estate under section 811 (a) of the Internal Revenue Code. Decision will be entered under Rule 50.