WILLIAM H. DUNBAR, administrator with the will annexed, *vs.*
GEORGE F. HAMMOND & others.

ELLEN HAMMOND & others, trustees, *vs.* ELLEN HAMMOND
& others.

Suffolk.    December 9, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Devise and Legacy. Trust,* Validity, Resulting. *Words,* "Or," "And."

A testatrix, who had a power of appointment under the will of her mother, made a will in which, after declaring the instrument to be her last will and testament, she stated, "I further declare and make known that it is my intention and purpose by this my will to dispose of such property and estate only as to which I have the power of appointment, or the right to devise and bequeath by my last will and testament, and particularly in the exercise of the power of testamentary disposition conferred upon me under and by the last will and testament of " her mother. After further paragraphs making specific legacies and devises, the will closed with the following paragraph: "All the rest and residue of my estate I give and bequeath unto my sister . . . if she survive me, to be by her disposed of in such manner as I may privately direct her." *Held,* that the will indicated an intention to dispose of all of the estate of the testatrix, and that the word "or," before the words "the right to devise" in the paragraph first quoted, should be construed to mean "and."

Upon bills in equity for instructions, brought by an administrator with the will, above described, annexed, and by the trustee under the will of the mother, it appeared that the testatrix, neither before nor after the execution of the will, had given any private or other instruction to her sister named in the residuary clause as to the disposition of the residue. *Held,* that, after the payment of the debts of the testatrix, the expenses of administration and the legacies, the residue of the property which had belonged to the testatrix absolutely should be transferred to her next of kin; and that the property over which the testatrix had had a power of appointment under the will of her mother should be transferred by the trustee [under that will to the administrator to be disposed of in the same way.

TWO BILLS IN EQUITY, filed in the Supreme Judicial Court respectively on May 9 and August 25, 1919, for instructions, the plaintiff in the first bill being the administrator with the will annexed of Jane Hammond Merrill, late of Boston, and the plaintiffs in the second bill being trustees under the will of Sally Hammond, late of Boston, mother of Jane Hammond Merrill, under the provisions of which Jane Hammond Merrill had a power of appointment, as described in the opinion.

The material portions of the will of Jane Hammond Merrill were as follows:

"I, Jane Hammond Merrill, of Boston, Suffolk County, in the State of Massachusetts, but at present residing in the City of Washington, District of Columbia, being of sound and disposing mind and memory, do make, publish and declare this my last will and testament.

"I further declare and make known that it is my intention and purpose by this my will to dispose of such property and estate only as to which I have the power of appointment, or the right to devise and bequeath by my last will and testament, and particularly in the exercise of the power of testamentary disposition conferred upon me under and by the last will and testament of Sallie S. Hammond, late of Boston, Massachusetts. . . . [Here follow, in successive paragraphs, a provision for the payment of "just debts and funeral expenses;" provisions for the perpetual care of the burial lot of the testatrix by the Proprietors of the Cemetery at Mount Auburn and the conveyance of the lot to that corporation for that purpose; a legacy of $5,000 to the trustees of the University of Pennsylvania for a scholarship; a legacy of $5,000 to the Hospital of the Protestant Episcopal Church in Philadelphia; a legacy of $500 to Elizabeth H. Gorham, the testatrix's sister, and a legacy of $500 to Edith Greenleaf Page. The rest of the will, excepting the clause appointing the executor and the *in testimonium* clause, was as follows:]

"All the rest and residue of my estate I give and bequeath unto my sister, Ellen Hammond, if she survive me, to be by her disposed of in such manner as I may privately direct her."

The two suits came on to be heard together before *Jenney,* J., upon the bills and answers and were reserved by him for determination by the full court.

*P. Nichols,* for the defendant George F. Hammond.

*J. B. Studley,* (*J. Sargent* with him,) for the defendant Ellen Hammond.

*F. Rackemann & F. Brewster,* for the executor Bailey, submitted a brief.

PIERCE, J.    Jane H. Merrill died March 27, 1918, without issue her surviving, leaving a will which has been duly allowed and probated. At the time of her death, in her own right she

owned property more than sufficient to pay all debts and expenses of administration, and probably all legacies. She also had a power of appointment under the will of Sally Hammond to dispose of a portion of the principal of a trust estate, which part of the trust fund is more than sufficient to pay all the debts and expenses of administration of the estate of Jane H. Merrill, and probably all legacies made by her will. All the parties to the controversy agree that the testatrix effectually executed the power of appointment given to her by the will of Sally Hammond.

Primarily the will of Jane H. Merrill presents two questions for consideration: (1) Does the will undertake to dispose of such estate as at the time of her death belonged to her absolutely; and (2) Under the will is Ellen Hammond entitled to receive as residuary legatee to her own use all property which belonged to Jane H. Merrill at her death, absolutely, of which by said will she undertook to dispose, and all property held by the trustees under the will of Sally Hammond over which said Jane H. Merrill had power of appointment, remaining after payment of debts, expenses of administration, and the legacies given by the will of said Jane H. Merrill.

If the second paragraph of the will be disregarded, the instrument is a plain expression of the intent of the testatrix to dispose of all her estate and all property over which she had a power of disposition after death. *Howland* v. *Parker*, 200 Mass. 204, 207. It is contended that the second paragraph of the will is an unmistakable declaration that no property of the testatrix is to pass by the will other than that over which she had a power of appointment. The second paragraph is as follows: "I further declare and make known that it is my intention and purpose by this my will to dispose of such property and estate only as to which I have the power of appointment, or the right to devise and bequeath by my last will and testament, and particularly in the exercise of the power of testamentary disposition conferred upon me under and by the last will and testament of Sallie S. Hammond, late of Boston, Massachusetts." Such construction would result in partial intestacy; and would be inconsistent with the formal declaration of the first paragraph, the disposition of her lot in the cemetery of Mount Auburn, and the residual bequest of "All the rest and residue of my estate." We think the will indicates an intention to

dispose of all the estate of the testatrix; and we are of opinion that the word " or " before the words " the right " should not be construed to overcome that intention. *Parker* v. *Parker,* 5 Met. 134, 137. *Hunt* v. *Hunt,* 11 Met. 88. · *Clarke* v. *Andover,* 207 Mass. 91, 96. *Thorp* v. *Lund,* 227 Mass. 474, 479. So construed, the clause " or the right to devise and bequeath by my last will and testament " operates as a declaration of the intent of the testatrix to dispose of all estate which she held in her own right, as well as that estate or fund over which she had a power of appointment.

The residuary clause of the will of Jane Hammond Merrill reads as follows: "All the rest and residue of my estate I give and bequeath unto my sister, Ellen Hammond, if she survive me, to be by her disposed of in such manner as I may privately direct her." Ellen Hammond survived the testatrix, who did not before nor after execution of her will give any private or other instructions as to the disposition of the residue. It is contended by one or more of the defendants that the residuary clause is an attempt to "create a trust which is void because the beneficiaries of such trust are not and cannot be ascertained." *Olliffe* v. *Wells,* 130 Mass. 221.

Under the residuary clause, on settlement of the estate Ellen Hammond was entitled to receive of the executor the legal title to all the estate of the testatrix and the title to all property over which she had the power of appointment, not bequeathed nor consumed in the administration. The words, "to be disposed of in such manner as I may privately direct her," manifest a clear intention of the testatrix to impose a trust upon the legal estate for the benefit of objects or persons to be privately declared. There is nothing in the will to indicate an intention of the testatrix to benefit persons as distinguished from things, and there is nothing to warrant the supposition of a desire and intent to benefit the legatee if for any reason the testatrix should fail to declare the objects of her bounty. "Two general rules are well settled: 1st. When a gift or bequest is made in terms clearly manifesting an intention that it shall be taken in trust, and the trust is not sufficiently defined to be carried into effect, the donee or legatee takes the legal title only, and a trust results by implication of law to the donor and his representatives, or to the testator's residuary legatees or next of kin. . . . 2d. A trust which by its terms may

be applied to objects which are not charitable in the legal sense, and to persons not defined, by name or by class, is too indefinite to be carried out." *Nichols* v. *Allen,* 130 Mass. 211, 212. *Minot* v. *Attorney General,* 189 Mass. 176.

It follows that the administrator with the will annexed and the trustees under the will of Sally Hammond are instructed:

1. That the will of Jane H. Merrill undertook to dispose of such estate as at the time of her death belonged to her absolutely in her own right.

2. That the will of Jane H. Merrill undertook to exercise the power of appointment given by article seven of the will of Sally Hammond.

3. Under the will of Jane H. Merrill, Ellen Hammond is not entitled to receive as residuary legatee to her own use all property which belonged to said Jane H. Merrill at her death absolutely, of which by will she undertook to dispose.

4. Under the will of Jane H. Merrill, Ellen Hammond is not entitled to receive as residuary legatee to her own use all property held by the trustees under the will of Sally Hammond over which said Jane H. Merrill had power of appointment or to which she undertook to exercise said power of appointment, remaining after payment of debts, expenses of administration, and the legacies given by the will of said Jane H. Merrill.

5. After the payment of debts, expenses of administration and legacies, the property which belonged to Jane H. Merrill absolutely is to be paid to the next of kin of Jane H. Merrill.

6. The share of Jane H. Merrill in the trust estate under the will of Sally Hammond is payable to the administrator with the will annexed of Jane H. Merrill, to be disposed of by heirs as directed in the paragraph immediately preceding.

7. The remaining requests for instructions become unimportant.

*Decree accordingly.*