HARVEY H. BUNDY, trustee, *vs.* UNITED STATES TRUST COM-
PANY OF NEW YORK, executor and trustee, & others.

Middlesex.   March 11, 12, 1926. — September 17, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, &
SANDERSON, JJ.

*Devise and Legacy*, Validity, Rule against perpetuities, Power, To "issue."
*Rule against Perpetuities. Power. Adoption. Conflict of Laws. Words,*
"Issue," "Dying intestate."

A woman and her husband conveyed real and personal property which
comprised a part of her estate to trustees "to pay over the same or
any part thereof to such persons and to such uses as she the said . . .
[woman] shall at any time by deed or other writing or by her last will
and testament duly executed, appoint and until or in default of such
appointment for the following purposes," among which were, to pay
the income of certain property after the deaths of certain persons in
being to a designated granddaughter, daughter of a deceased son of the
donor, for her life and upon her death "to pay over her share in ac-
cordance with the terms of her last will and testament duly executed
and proved or in default thereof to her legal representatives."   The
donor died leaving a will directing that the income of the grand-
daughter's share of the trust be applied for her benefit "during her life
and upon her death the principal is to be paid over in accordance with
the provisions of her last will and testament. . . .   And if she shall
die intestate and without issue surviving her then to her mother during
her life — And after her death to her issue if she dies intestate and if
she dies without issue surviving her then to be added to the shares
hereinbefore bequeathed for the benefit of said daughters" of the donor.
The granddaughter died fifty years after the donor and twenty-four
years after her mother, who by will had given all her property "real
and personal of every kind and description and wheresoever situated,
to my dear daughter . . . absolutely."   The granddaughter never had
married, but had adopted three children, all of whom had been born
after the grandmother had died.   She left a will containing no specific
provision exercising the power given her under her grandmother's will,
but a provision placing the residue of her property in trust, the income
to be applied "to the use" of her adopted children at times and in
amounts subject absolutely to the discretion of the trustee, any balance
of income remaining unexpended in any year to be distributed to two
designated cousins, one of whom was born six months before and the
other after the death of the donor, or to their issue respectively *per
stirpes;* upon the death of the survivor of the adopted children, the
principal was to be paid in equal shares to their respective issue and in
default of issue to the designated cousins and their respective issue

*per stirpes.* The donor of the trust was domiciled in Massachusetts and the real estate which passed under the trust was located here. The granddaughter died domiciled in New York. The trustee under the will of the donor by a bill in equity sought instructions. *Held,* that

(1) The will of the donor was an execution of the power given to her by the instrument of trust;

(2) The questions raised by the bill were governed by the law of this Commonwealth, the domicil of the donor;

(3) There being nothing in the will of the granddaughter showing an intention to the contrary, the residuary clause therein must be treated as an attempted execution of the power given her under the will of her grandmother, the donor;

(4) The discretionary trust under the will of the granddaughter not creating vested interests, and it being her evident intention to keep the trust estate entire, the provisions of her will for the life of her adopted children and their issue, as well as the provisions for the cousins and their respective issue, were void as to the property over which the granddaughter had a power of appointment under the grandmother's will, because they were in violation of the rule against perpetuities;

(5) A construction of the will of the granddaughter which would separate the interests given to the two cousins from the other provisions of the residuary clause, and thus make them valid notwithstanding the rule against perpetuities, would make the disclosed intention of the granddaughter in her will so fragmentary that it should not be adopted;

(6) The word "issue" as used in the provision of the will of the donor referring to the granddaughter, "and if she shall die intestate then to her surviving issue," did not include adopted children;

(7) The words, "if she shall die intestate," in the above quoted provision of the will of the donor, meant "if she shall die intestate" as to the property in question, namely, the property which was subject to the power given to the granddaughter by the will of the donor: her will not being a valid execution of the power in the trust instrument, she died "intestate" as to that property;

(8) The granddaughter having died without issue and, so far as related to the trust property in question, intestate, the provisions of the donor's will giving the property to the granddaughter's "mother during her life — And after her death to her issue if she dies intestate and if she dies without issue surviving her then to be added to the shares hereinbefore bequeathed for the benefit of said daughters" of the donor, operated;

(9) That provision containing a gift over if the life tenant, the granddaughter's mother, died intestate, implied a testamentary power of appointment in the granddaughter's mother;

(10) The testamentary power of appointment in the granddaughter's mother, being executed in the granddaughter's favor, was valid and effectual although at the time of the mother's death the granddaughter still was living;

(11) The principal of the trust thus passed to the granddaughter of the original donor through the execution by her mother of the power given by the donor's will, and it should be delivered to the executor of the granddaughter's will.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on September 12, 1925, by the trustee under the will of Anna C. Lowell, late of Cambridge, "of a trust created for the benefit of Carlotta R. Lowell," for instructions upon the following questions:

"1. Whether Carlotta R. Lowell by her last will and testament exercised the power of appointment given to her by the will of the said Anna C. Lowell?

"2. Whether all the interests appointed by Carlotta R. Lowell are invalid?

"3. Whether the life interests during the life of the survivor of Emily and Martha Lowell are valid?

"4. Whether any other interests under the power exercised by the power of Carlotta R. Lowell are valid?

"5. Whether Carlotta R. Lowell died intestate as to any part of the trust fund created for her within the meaning of the will of the said Anna C. Lowell?

"6. Whether the residuary clause of the will of Anna C. Lowell exercised any power reserved under the trust agreement of August 28, 1865?

"7. Whether the provision in default of appointment contained in the said trust agreement of August 28, 1865, is operative?

"8. What interests thereunder are valid?

"9. Whether the United States Trust Company, Executor and Trustee as aforesaid under the will of Carlotta R. Lowell, is entitled to receive the principal and all accumulations since the death of Carlotta R. Lowell thereon?

"10. By whom the principal of the trust fund is to be managed, in accordance with the will of said Carlotta R. Lowell, during the life of the survivor of Emily and Martha Lowell?

"11. What person or persons are entitled to the remainder interest after the life of the survivor of Emily and Martha Lowell?

"12. What other disposition of the same shall he make?"

Alexander Wheeler, Esquire, was appointed guardian *ad litem* "to represent any and all persons who may now have, or who at any later time may have, any interest as the issue

of Emily Lowell and/or Martha Lowell"; and Francis C. Gray, Esquire, was appointed guardian *ad litem* "to represent any and all persons who may now have, or who at any later time may have, any interest as the issue of Louisa Barlow. Jay, and/or Josephine Putnam Sturgis."

The suit came on to be heard by *Crosby*, J., upon the pleadings and a stipulation by the parties as to certain facts. Material facts are stated in the opinion. The single justice reserved the case for determination by the full court.

The case was argued at the bar in March, 1926, before *Rugg*, C.J., *Braley, Crosby, Pierce, & Wait*, JJ., and afterwards was submitted on briefs to all the Justices.

*H. H. Bundy*, for the plaintiff, stated the case.

*W. A. Rollins*, for United States Trust Company of New York.

*C. L. Barlow*, for Louisa Barlow Jay.

*A. Wheeler*, guardian *ad litem*, for the issue of Emily and Martha Lowell, *pro se*.

*F. C. Gray*, guardian *ad litem*, for the issue of Louisa Barlow Jay and Josephine Putnam Sturgis, *pro se*.

*R. Proctor*, for James L. Putnam and others.

*C. P. Curtis*, for trustees under the will of Harriet L. Putnam and others.

*R. Gray*, for The President and Fellows of Harvard College.

*R. S. Barlow*, for Susanna S. Minturn and another, submitted a brief.

BRALEY, J. Charles R. Lowell and Anna C. Lowell, his wife, on August 28, 1865, conveyed to Patrick T. Jackson and Edward Jackson "all the real and personal property comprised in the schedule hereto annexed, the same being all of it, the sole and separate property of the said Anna C. Lowell" to be held in trust "to pay over the same or any part thereof to such persons and to such uses as she the said Anna C. Lowell shall at any time by deed or other writing or by her last will and testament duly executed, appoint and until or in default of such appointment for the following purposes, viz.:

"1. To keep the said property and such other property as may hereafter be added thereto safely invested according to

their best judgment we hereby giving them full power to change investments at their pleasure and to convey any real estate that may at any time belong to the trust without rendering any purchaser from them liable to see to the application of the purchase money. 2. To pay over the income of the trust to the said Anna C. Lowell during her life upon her sole & separate receipt and after her death to pay over Three hundred dollars ($300) per annum to her daughter Anna Lowell while she remains unmarried and the remainder to the said Charles R. Lowell during the life of him the said Charles R. and after the deaths of the said Charles R. and Anna C. to divide the principal fund into three equal parts and pay over the income thereof respectively unto their children the said Anna Lowell & Harriet Lowell Putnam & their grandchild Carlotta Russell Lowell upon their several sole and separate receipts during their respective lives and after the death of either of them to pay over her share in accordance with the terms of her last will and testament duly executed and proved or in default thereof to her legal representatives and this whether they or either of them shall survive the said Charles R. and Anna C. or not. And we the said Patrick T. and Edward Jackson do acknowledge the receipt of the said property hereby conveyed and do hereby accept the trust herein created and covenant that we will faithfully execute the same each covenanting for himself and not for the other."

Anna C. Lowell died testate January 1, 1874, leaving as next of kin and only heirs at law her daughters Harriet L. Putnam and Anna L. Woodbury, and Carlotta R. Lowell, a granddaughter, the child of her deceased son Charles R. Lowell. By her will duly admitted to probate, among other provisions, she directed, that "The share of my granddaughter Carlotta Russell Lowell is to be invested according to the best skill and judgment of my said Trustees and the income paid over to her mother for her support and education during her minority and upon her reaching the age of twenty-one years or the death of her mother before that time the income is to be paid over to her during her life and upon her death the principal is to be paid over in accordance with the pro-

visions of her last will and testament. And if she shall die intestate then to her surviving issue by representation. And if she shall die intestate and without issue surviving her then to her mother during her life — And after her death to her issue if she dies intestate and if she dies without issue surviving her, then to be added to the shares hereinbefore bequeathed for the benefit of said daughters Anna L. Woodbury and Harriet L. Putnam, with the restrictions before mentioned.

"All the residue of my property I leave to my said trustees to be added in equal parts to the shares hereinbefore bequeathed for the benefit of my two daughters and my granddaughter Carlotta — Except Miss Gardner's property which was bequeathed by her to my daughters — I wish Anna L. Woodbury to continue to receive $1200.00 or more if she needs it for a year or more after my death till my estate can be settled without inconvenience."

The grantors in the deed of trust, and the testatrix, were domiciled in, and the real property, which has since been converted into money, was located in this Commonwealth. Carlotta R. Lowell, domiciled in the State of New York, and who never married, died September 24, 1924. Her will, of which the defendant the United States Trust Company of New York has been appointed the executor and trustee, contained no specific exercise of the power conferred upon her by the will of Anna C. Lowell, and provided in the eighth clause as follows:

"All the rest, residue and remainder of my property, real and personal, wherever situated, I give, devise and bequeath to my executor hereinafter named, in trust, to collect the rents, issues and profits thereof during the life of the survivor of my adopted children, Emily and Martha, and to apply the net income therefrom quarterly or monthly to the use of my said adopted children, Emily and Martha, in such amounts and in such shares as my trustee may deem to be necessary and advisable, in view of the situation from time to time of each of said children and in determining the amounts to be paid from time to time to each of said children, the trustee may act upon the advice of either of my friends, Gertrude Minturn Pinchot or Edith Minturn Stokes, but in

any event the determination of my trustee as to the amounts to be applied to the use of each of my said children from time to time shall be final and conclusive, and, in the event that in any year there shall remain a balance of income unexpended for the benefit of my said two children, such unexpended balance of income shall be distributed at the end of such year equally to my cousins, Louise Barlow Jay and Josephine Putnam Sturgis, or if either of them be not then living, to the survivor and to the then living issue *per stirpes* of the one who is dead in equal shares, or if both be dead to their then living issue *per stirpes.*

"Upon the death of either of my said children during the continuance of the trust, leaving issue, I direct that my trustee shall make such payments from the net income of the said trust as it shall deem necessary and advisable to the issue of such child during the continuance of the trust.

"Upon the death of the survivor of my children Emily and Martha I give, devise and bequeath the principal of the trust estate in equal shares to (1) the then living issue *per stirpes* of my child Emily and (2) to the then living issue *per stirpes* of my child Martha and in default of such issue of either of my said children, the whole to such issue of the other and in default of such issue to my cousins Louise Barlow Jay and Josephine Putnam Sturgis in equal shares; the then living issue of either of my said cousins who shall then be dead to take *per stirpes* the share that cousin would have taken if living, and, in the event that either of my said cousins shall then be dead without leaving issue then surviving, I give, devise and bequeath the whole thereof to the other of my said cousins or if she be then dead, to her then living issue *per stirpes.*"

It appears that Anna L. Woodbury, Harriet L. Putnam and Carlotta R. Lowell were born before August 28, 1865. The children of Harriet L. Putnam with the exception of her daughter Josephine Putnam Sturgis were born before the death of Anna C. Lowell. Anna L. Woodbury died testate June 2, 1906, leaving no surviving issue. Harriet L. Putnam died testate January 20, 1920, and by her will made a valid disposition of the part of the property over which she was given by the will of Anna C. Lowell a power of appoint-

ment.  The parents of Carlotta, who was their only child, were not living at her death.  Louise Barlow Jay was born July 27, 1873.  The adopted children of Carlotta, Emily, Lillian and Martha Lowell, who are minors, were born some years after the death of Anna C. Lowell.

While part of the present trust fund left by Anna C. Lowell is derived from the trust created by the deed of 1865, the income of which was payable to the settlor for life, there also was a general power of appointment by will, or by deed, and by her will the power was exercised.  The fund therefore became part of her property over which she had absolute control.  Gray, Rule against Perpetuities, (3d ed.) § 524.

The questions raised by the bill in equity for instructions brought by the present trustee are governed by the law of this Commonwealth, the domicil of Anna C. Lowell, the creator of the trust.  *Sewall* v. *Wilmer*, 132 Mass. 131.  *Brandeis* v. *Atkins*, 204 Mass. 471.  And the residuary clause of the will of Carlotta is a sufficient execution of the power given to Carlotta where there is nothing in her will showing an intention to the contrary.  *Sewall* v. *Wilmer*, *supra; Stone* v. *Forbes*, 189 Mass. 163.

The first question is, whether the eighth clause of Carlotta's will is a valid exercise of the power given to her by the will of Anna C. Lowell.  It is clear that a discretionary trust is not vested, and if it continues beyond the period within which future interests can be created it is bad.  *Minot* v. *Paine*, 230 Mass. 514.  *Andrews* v. *Lincoln*, 95 Maine, 541.  Jarm. Wills, (6th ed.) 308.  The intention of Carlotta to make full and ample provision for the support and maintenance of her adopted children Emily and Martha is obvious, and it was not until this purpose had been accomplished, that her cousins Louise Barlow Jay and Josephine Putnam Sturgis were to receive any unexpended balance of the income.  The estate was to be kept entire.  The rule against perpetuities however cannot be overriden.  *Andrews* v. *Lincoln, supra.*  The discretionary provision for life to Emily, and Martha, and to their issue is void.  *Andrews* v. *Lincoln, supra.*  The contingent remainders to the issue of Josephine Putnam Sturgis and of the principal to her or her

issue or to the issue of Louise Barlow Jay may not vest within the period, and are void. *Thorndike* v. *Loring,* 15 Gray, 391. *Winsor* v. *Mills,* 157 Mass. 362. *Minot* v. *Paine, supra.* While Louise Barlow Jay is a life in being within the rule, the contingent remainder to her which is absolute may take effect after her death if the gifts in substitution fail. It is also void.

The gifts described having failed, it follows that, even if the interests given to Mrs. Sturgis and Mrs. Jay and to the issue of Mrs. Jay might possibly be separated from the other provisions of paragraph eight, *Dexter* v. *Harvard College,* 176 Mass. 196, the effect of holding them valid would be to make the scheme of the testatrix almost hopelessly fragmentary; a construction we are not inclined to adopt. *White* v. *Allen,* 76 Conn. 185. *Barrett* v. *Barrett,* 255 Ill. 332. *Knox* v. *Jones,* 47 N. Y. 389. *Johnston's Estate,* 185 Penn. St. 179. The case of *Lyons* v. *Bradley,* 168 Ala. 505, holding that, while the gift of the principal was bad, gifts of income were good for twenty-one years, has not been overlooked. But, in view of our own decisions, and what appears to us to be the weight of authority, we cannot follow it.

The exercise of the power being invalid, Carlotta R. Lowell made no testamentary disposition of the property covered by the power. The will of Anna C. Lowell provides, " . . . upon her death the principal is to be paid over in accordance with the provisions of her last will and testament. And if she shall die intestate then to her surviving issue." It is settled by *Wyeth* v. *Stone,* 144 Mass. 441, that "issue" in Anna C. Lowell's will cannot mean adopted children, as she was not the adopting parent. The question is not one of the legal effect of the adoption under the laws of the State of New York, but of the meaning of Anna C. Lowell's will under the laws of this Commonwealth. *Sewall* v. *Wilmer, supra.* It was held in *Dunbar* v. *Hammond,* 234 Mass. 554, that where property was appointed by the donor of a general testamentary power on a trust which failed for want of a *cestui que trust,* the property passed by a resulting trust to the next of kin of the donee. But in the present case the donor Anna C. Lowell provided for the contingency of the

donee's "dying intestate"; while in *Dunbar* v. *Hammond*, there was no provision either for this, or for failure to appoint. We are of opinion that *Dunbar* v. *Hammond* is limited to the case where the donor has made no provision for the donee's default of appointment, or for the event of his intestacy. The words "dying intestate," where specific property is in question, mean, dying intestate as to that property. *Hooper* v. *Hooper*, 203 Mass. 50. *Twisden* v. *Twisden*, 9 Ves. 413.

The remaining inquiry, the decision of which is by a majority of the court, is what interest, if any, did Carlotta have in the trust fund at her death. The will of Anna C. Lowell, referring to the share of Carlotta after default, continues: "And if she shall die intestate and without issue surviving her then to her mother during her life — And after her death to her issue if she dies intestate and if she dies without issue surviving her, then to be added to the shares hereinbefore bequeathed for the benefit of said daughters Anna L. Woodbury and Harriet L. Putnam . . . ." The will must be construed as it appears in the record. A gift over if a life tenant dies intestate implies a testamentary power of appointment in the life tenant. *Bowen* v. *Dean*, 110 Mass. 438. *McLaughlin* v. *Greene*, 198 Mass. 153, 155, 156. Josephine Shaw Lowell, wife of Charles R. Lowell, Anna C. Lowell's son, and mother of Carlotta, who was her only child and next of kin, died testate in 1900. By her will, which was made after the death of her husband and has been duly probated, she devised and bequeathed all her property "real and personal of every kind and description, and wheresoever situated, to my dear daughter, Carlotta Russell Lowell, absolutely and in fee simple . . . ." It is contended that "as Carlotta survived her parents" her share goes either to those claiming under Harriet L. Putnam or to those who claim under Anna L. Woodbury. But Carlotta's mother could validly execute the power during Carlotta's life. The testamentary power in question which is limited upon the happening of a contingent event not being contrary to the intentions of the testatrix may be executed before the event, even if it cannot take effect until the contingency happens. *Lindsley* v.

*First Christian Society in Camptown,* 10 Stew. 277.   *Machir*
v. *Funk,* 90 Va. 284.   *Sutherland* v. *Northmore,* 1 Dick. 56.
,*Dalby* v. *Pullen,* 2 Bing. 144.   *Wandesforde* v. *Carrick,* Ir. R.
5 Eq. 488.   *Ashford* v. *Cafe,* 7 Sim. 641.   Sugd. Powers,
(8th ed.) 269, par. 21.   If the property came to Carlotta as
"issue" as contended by the defendants James L, Putnam,
Charles R. L. Putnam and Elizabeth Putnam, it comes by
force of Anna C. Lowell's will, and having passed through
Anna C. Lowell's will and Carlotta R. Lowell's will, it comes
back to Carlotta's estate and goes to her next of kin.

A decree is to be entered directing the trustee to pay one
third of the principal of the fund with all accumulations of
income to the defendant the United States Trust Company
of New York, executor of Carlotta's will.   The question of
costs to be taxed on the entire fund as between solicitor and
client is to be settled by a single justice.   *Gray* v. *Hemenway,*
212 Mass. 239, 243.

*Ordered accordingly.*