THOMAS L. TALBOT, trustee, *vs.* PLINY S. RIGGS, administrator *de bonis non* with the will annexed, & others.

Suffolk. November 9, 1933. — June 26, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy,* Validity, Rule against perpetuities, Power.

Under a will which gave a power of appointment of a fund "to such use as" the donee "shall, by will or other writing, appoint at any time before or after my decease," the donee by will gave the property to a trustee "in trust to use the income thereof for the benefit and assistance of any legitimate descendant of my parents . . . who shall, for the time being, need the same for support, education or comfort, as long as any such descendant shall continue to be"; and in the next clause provided: "Failing all such descendants, said estate or property shall go to" a certain religious society. The will of the donor of the power contained no direction for disposition of the fund in the event that an appointment by the donee should be void. Upon a bill in equity after the donee's death, seeking instructions as to whether the power was validly executed by the donee, and, if not, to whom the fund should be distributed, it was *held,* that

(1) The attempted appointment for the benefit of descendants of the donee's parents "as long as any such descendant shall continue to be" was void because in contravention of the rule against perpetuities;

(2) The attempted gift over to the religious society was void because it depended upon a contingency which might not happen within the time limit prescribed by that rule;

(3) The donee intended the fund to be removed entirely from the control of the will of the donor, and therefore the fund was held upon a resulting trust for the benefit of the estate of the donee and should be turned over to his personal representative.

BILL IN EQUITY for instructions, filed in the Supreme Judicial Court for the county of Suffolk on August 18, 1932, by the trustee under the will of Emma C. F. Keller, late of Boston. Material allegations in the bill and the instructions sought are described in the opinion.

By order of *Donahue,* J., the suit was reserved upon the pleadings for determination by the full court.

*H. L. Sampson,* (*E. A. Howes* with him,) for the defendant Pliny S. Riggs, administrator *de bonis non* with the will annexed.

*R. B. Stone,* for the defendants John F. Talbot, administrator, and others.

RUGG, C.J. This is a petition by the trustee under the will of Emma C. F. Keller, late of Boston, for instructions as to the disposition to be made of a trust fund remaining in his hands after the death of all the life tenants. A power of appointment over this fund was given by the will to Thomas H. Talbot. The trustee seeks instructions on two points: (1) whether there has been a valid exercise of the power of appointment by the donee, and (2) if there has not been such valid exercise of the power, whether distribution of the fund shall be made to the next of kin and heirs at law of the testatrix, the donor of the power, or to the representative of the deceased donee of the power.

There is no dispute concerning the material facts. The testatrix, the donor of the power, died in 1900. By her will duly allowed in 1904, she gave all her property to her brother, Thomas H. Talbot, upon certain trusts. The income was to be paid to certain of her kindred; the last of these beneficiaries died in 1931. The will also directed that, upon the termination of all the life estates, the principal sum of the trust fund with its accumulations "shall . . . go to such use as he [her brother] shall, by will or other writing, appoint at any time before or after my decease . . . ." He left a will which was allowed in 1907. It consists of ten clauses aside

from an unnumbered one appointing an executor and trustee. The first seven clauses deal with his own property. By clauses eighth, ninth and tenth he attempted to exercise the power of appointment given him by the will of the testatrix. The eighth clause is in these words: "Further, the preceding dispositions do not affect any estate or property, which may come, during my life, to me, or after my death, to my representative, under the will of my sister, Emma C. F. Keller, except that, my said wife surviving me, the same is hereby devised, given and bequeathed to said William Richardson Billings in trust to pay the income" to beneficiaries who did not survive the termination of the life estates in the fund created by the will of the testatrix. It is conceded that this clause was ineffective to the extent that none of the persons therein named could, in the events which have come to pass, receive any benefit thereby. By clause ninth it was provided that, the trust created by clause eighth "not taking effect at my decease, or thereafter being fully discharged," as has happened, the "property coming under the will of my sister Mrs. Keller" was given "to my nephew Thomas Lincoln Talbot . . . in trust to use the income thereof for the benefit and assistance of any legitimate descendant of my parents . . . who shall, for the time being, need the same for support, education or comfort, as long as any such descendant shall continue to be." By clause tenth it was provided that, "Failing all such descendants said estate or property shall go to the Congregational Society of East Machias, Maine," in trust for the erection of a church building.

It is clear that the gift under clause ninth for the benefit of the descendants of his parents, so long as any such descendants should continue to be, was void because in contravention of the rule against perpetuities. *Kent v. Dunham,* 142 Mass. 216. *St. Paul's Church v. Attorney General,* 164 Mass. 188, 195. *Amory v. Trustees of Amherst College,* 229 Mass. 374, 381–382. The gift over to the charity under clause tenth is void because upon a contingency which might not happen within the limit prescribed by that rule. *Odell v. Odell,* 10 Allen, 1, 7. *Institution for Savings in Roxbury v. Roxbury Home for Aged Women,* 244 Mass. 583, 587. It

follows that the beneficiaries named in clauses ninth and tenth of the will of Thomas H. Talbot, the brother of the testatrix and the donee of the power under her will, cannot take any beneficial interest under his attempted exercise of the power of appointment because the gifts for their benefit fail for remoteness under the rule against perpetuities.

The will of the testatrix contains no direction as to the disposition of the trust fund in these circumstances. Therefore the remaining question is whether the trust fund shall be distributed to the heirs at law and next of kin of Emma C. F. Keller, the donor of the power, or of Thomas H. Talbot, the donee of the power.

This point is expressly covered by *Dunbar* v. *Hammond*, 234 Mass. 554, paragraph 6 on page 558. It was there held that the trustee named in the instrument whereby the power of appointment was exercised held the fund for heirs at law and next of kin of the donee of the power. In *Bundy* v. *United States Trust Co. of New York*, 257 Mass. 72, 80–81, the case of *Dunbar* v. *Hammond* was cited with approval and it was said that, although where property was appointed under a general testamentary power "on a trust which failed for want of a *cestui que trust*, the property passed by a resulting trust to the next of kin of the donee," the rule was "limited to the case where the donor has made no provision for the donee's default of appointment, or for the event of his intestacy."

There is no sound distinction between *Dunbar* v. *Hammond* and the case at bar. An urgent argument has been made to the effect that *Dunbar* v. *Hammond* ought to be overruled. The point there decided was one relating to that kind of property which passes by the execution of a power. Stability of rules of law is as important in this as in other branches of the law. *Mabardy* v. *McHugh*, 202 Mass. 148, 152. Decisions ought not to be lightly overruled. The case of *Dunbar* v. *Hammond* was fully argued upon ample briefs. The rule adopted in that case is the one prevailing in the English courts, where the question has often arisen.

The question to be decided in cases of this nature is one

of intention. If the donee of the power had made no attempt to dispose of the trust fund, it would be plain that the design was to leave its devolution entirely to the law governing the estate of the donor of the power. If, however, the donee of the power makes an appointment, the further inquiry arises whether the intent was to take the property dealt with out of the instrument conferring the power for all purposes, or only for the limited purpose of giving effect to the particular disposition expressed. *In re De Lusi's Trusts*, 3 L. R. Ir. 232, 237. *In re Boyd*, [1897] 2 Ch. 232, 235. An additional indication of intent is that a testamentary appointment, under a general power, to a trustee upon trusts which lapse as to the beneficial interest, nevertheless operates as a good appointment to the trustee who holds it upon the same trusts as if it had been the property of the one exercising the power. *In re Davies' Trusts*, L. R. 13 Eq. 163, 166. The trust fund in the case at bar was appointed in unmistakable terms by the donee of the power to a trustee specially named by him for that purpose. The fund was thus by the donee taken entirely out of the instrument conferring the power and appointed to his trustee. Since the particular beneficiaries cannot take the fund, that trustee holds it upon a resulting trust for the benefit of the estate of the donee of the power. *In re Marten*, [1902] 1 Ch. 314. *Coxen* v. *Rowland*, [1894] 1 Ch. 406. *In re Pinède's Settlement*, 12 Ch. D. 667. *In re Van Hagan*, 16 Ch. D. 18, 31, 33–34. *In re Vander Byl*, [1931] 1 Ch. 216. 2 Jarm. on Wills (7th ed.) 792–793.

This rule bears some analogy to the one not infrequently applied where appointed property is held for the payment of the debts of the donee exercising the power of appointment in favor of named beneficiaries, provided his own estate is insufficient for payment of such debts. *Clapp* v. *Ingraham*, 126 Mass. 200. *Shattuck* v. *Burrage*, 229 Mass. 448.

The conclusion is that a decree should be entered ordering the entire trust fund now in the hands of the trustee under the will of Emma C. F. Keller, the donor of the

power, to be turned over to the administrator with the will annexed of the estate of Thomas H. Talbot, the donee of the power, for distribution as property of his estate. *Olney* v. *Balch,* 154 Mass. 318. Costs as between solicitor and client out of the fund are to be in the discretion of the single justice.

*Ordered accordingly.*