OLD COLONY TRUST COMPANY, trustee, *vs.* ASA S. ALLEN, executor, & others.

Norfolk.    April 4, 1940. — September 30, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Devise and Legacy*, Power.  *Power*.  *Will*, Revocation, Exercise of power of appointment.

The will of a donee of a power, not made in contemplation of marriage, although revoked as a will by a subsequent marriage of the donee, was operative as to so much of it as made an appointment under the power.

A general residuary clause in the will of a donee of a power of appointment by will showed an intent to blend the appointive property with the donee's own property and to remove the appointive property from the operation of the instrument conferring the power; and, where the residuary gift had lapsed, the appointive property at the time for distribution thereof was payable to the personal representative of the donee even though the residuary gift was not in trust.

There was nothing to show that a pecuniary legacy in a will revoked by subsequent marriage of the testator was intended as an exercise of a power of appointment by will which had been conferred upon the testator.

PETITION, filed in the Probate Court for the county of Norfolk on June 26, 1939.

The case was reserved and reported by *McCoole*, J.

*H. L. Burnham*, stated the case.

*A. S. Allen*, (*O. S. Allen* with him,) for the respondent Allen, executor.

*A. G. Sleeper*, (*N. R. Chapin* with him,) for the respondents McLean and others.

QUA, J.  The petitioner as trustee under a declaration of trust executed by Preston V. Chapin under date of December 10, 1917, prays the instruction of the court as to the disposition of the fund in its hands, which consists of securities and cash of an accounting value of a little over $11,000.

The declaration of trust provided for the payment of the income to the settlor during his life and upon his death to

Mary V. Hickey (who later married Andrew W. Phillips and is hereinafter referred to as Mrs. Phillips) during her life, with a general power to Mrs. Phillips to dispose of the principal "by her will in such manner as she may direct." There is no provision for the disposition of the principal in the event of a failure to exercise the power. Preston V. Chapin died September 23, 1926. Mrs. Phillips died November 8, 1938, leaving a will executed before her marriage, wherein, after providing for the payment of her debts, expenses of last sickness, and funeral charges, she gave two legacies of $500 each, one to Maybelle D. Hull, which lapsed by the death of the legatee before the death of the testatrix, and the other to Frank Edson Sheldon, who is still living, and then left "All the rest and residue of . . . [her] property, wheresoever situated, either real or personal, to . . . [her] two sisters Elizabeth E. McLean and Jeanette Phillips of Dorchester to be divided among them equally."

As it does not appear from Mrs. Phillips's will that it was made in contemplation of her subsequent marriage, that marriage revoked the entire will, unless the will was "made in the exercise of a power of appointment," in which case under the facts here existing the marriage would not revoke "so much of the will as makes the appointment." G. L. (Ter. Ed.) c. 191, § 9. *Yerxa* v. *Youngman*, 241 Mass. 251. And it is settled in this Commonwealth that a complete testamentary disposition of his property by the donee of a power will be deemed, in the absence of anything to show the contrary, to include an exercise of the power. *Amory* v. *Meredith*, 7 Allen, 397. *Hassam* v. *Hazen*, 156 Mass. 93. *Stone* v. *Forbes*, 189 Mass. 163, 168, 169. *Worcester Bank & Trust Co.* v. *Sibley*, 287 Mass. 594, 598, 599. *Boston Safe Deposit & Trust Co.* v. *Prindle*, 290 Mass. 577, 581. *Slayton* v. *Fitch Home, Inc.* 293 Mass. 574, 578. Compare Am. Law Inst. Restatement: Property, § 466 (included in chapter 26 on powers of appointment adopted May 13, 1938, to be included in vol. 3 of Restatement). Accordingly, the Probate Court admitted Mrs. Phillips's will to probate "so far as the same can operate in law or

in equity upon any and all property, real and personal, subject to . . . [Mrs. Phillips's] disposal by way of appointment" under the declaration of trust. The will operates only in so far as it constitutes the exercise of the power of appointment and not otherwise as a will, but its effect as an exercise of the power is in no degree diminished by the fact that it cannot further operate as a will.

But since Mrs. Phillips's sister Jeanette, named in the will as legatee of a moiety in the residue, died on January 8, 1938, before Mrs. Phillips died, but left no issue, her legacy fell outside the saving protection of G. L. (Ter. Ed.) c. 191, § 22, and consequently lapsed. *Thompson* v. *Pew*, 214 Mass. 520. This brings us to the principal question in the case. This question relates to the disposition of the moiety of the trust fund which would have gone to Jeanette as appointee under Mrs. Phillips's will, if Jeanette had survived. · It is contended on the one hand by the executor of the will of Preston V. Chapin, the original settlor-donor, that there has been a default of appointment to the extent of the lapsed half interest and that that half interest should now revert to him. It is contended on the other hand by the administrator of the estate of Mrs. Phillips and her next of kin that a different principle of law applies, and that this is an instance where, although the attempt to appoint has failed of accomplishing its precise object as to the half interest, nevertheless the donee of the power has sufficiently indicated an intent wholly to withdraw the appointive property from the operation of the original declaration of trust and to apply it to her own purposes, so that upon the failure of the object that property falls into the estate of the donee and does not revert as unappointed property to the estate of the donor.

The principle last mentioned is established in the law and doubtless, like some other principles applicable to general powers of appointment, owes its origin to the conception that the grant of a general power is in itself almost tantamount to a grant of ownership. In our decisions this principle has found application in *Dunbar* v. *Hammond*, 234 Mass. 554, where an appointment in trust failed for

lack of definition of the objects of the trust, and in *Talbot* v. *Riggs*, 287 Mass. 144, where the appointment (also to a trustee) failed because of the rule against perpetuities. In the latter case it was said on pages 147 and 148 that "The question to be decided in cases of this nature is one of intention. If the donee of the power had made no attempt to dispose of the trust fund, it would be plain that the design was to leave its devolution entirely to the law governing the estate of the donor of the power. If, however, the donee of the power makes an appointment, the further inquiry arises whether the intent was to take the property dealt with out of the instrument conferring the power for all purposes, or only for the limited purpose of giving effect to the particular disposition expressed."

The executor of the will of the original settlor-donor contends that the rule under discussion applies only where the appointment is to a trustee, who can at least take legal title, subject to a resulting trust for the benefit of the estate of the donee of the power, thus in a very technical sense taking the appointive property out of the coverage of the instrument creating the power even though the objects of the trust fail. It is true that in both *Dunbar* v. *Hammond* and *Talbot* v. *Riggs* the appointment purported to be to a trustee, and in *Talbot* v. *Riggs*, 287 Mass. 144, at page 148, reference is made to that circumstance as an additional makeweight. But it is difficult in principle to support such a distinction. The rule rests upon a broader foundation. If a manifestation by the donee of an intent to capture the appointive property from the original settlement is a valid exercise of the power even though the actual appointment fails, it would seem to be immaterial, except perhaps as some evidence of intention, whether that appointment took the form of a trust or of a direct gift to the intended appointee. The idea of a resulting trust contributes in itself nothing of substance. The weight of authority does not support the distinction. It is not stated as a decisive consideration in *Talbot* v. *Riggs*. The English decisions which have developed this branch of the law, although sometimes referring and giving weight to a dis-

tinction between an appointment in trust and a direct appointment to the beneficiary, do not consistently observe that distinction as a ground of decision and in several instances have applied the general rule to direct appointments as well as to appointments in trust. *Chamberlain* v. *Hutchinson*, 22 Beav. 444. *Brickenden* v. *Williams*, L. R. 7 Eq. 310. *Wilkinson* v. *Schneider*, L. R. 9 Eq. 423. *In re Davies' Trusts*, L. R. 13 Eq. 163. *In re Pinède's Settlement*, 12 Ch. D. 667. *In re Van Hagan*, 16 Ch. D. 18. *In re Ickeringill's Estate*, 17 Ch. D. 151. *Willoughby-Osborne* v. *Holyoake*, 22 Ch. D. 238. *Coxen* v. *Rowland*, [1894] 1 Ch. 406. *In re Boyd*, [1897] 2 Ch. 232. *In re Marten*, [1902] 1 Ch. 314. *In re Vander Byl*, [1931] 1 Ch. 216. So also are *Bradford* v. *Andrew*, 308 Ill. 458, and *Matter of Beaumont*, 147 Misc. (N. Y.) 118, 123–124. But see *In re De Lusi's Trusts*, 3 L. R. Ir. 232. The American Law Institute in its chapter on powers of appointment adopted May 13, 1938 (to be included as chapter 26 in vol. 3 of its Restatement of Property) in § 488 devotes a separate paragraph to applications of the rule to direct appointments not in trust.

The next inquiry is whether Mrs. Phillips in her will (to quote the words of § 488 [3] of the Restatement) "manifests an intent to assume control of the property for all purposes and not only for the limited purpose of giving effect to the expressed appointment." The record is bare of any facts as to the nature or value of any estate owned by Mrs. Phillips apart from the power. Section 488 of the Restatement in comment "d" says, "The intent of the donee [of the power] to assume control of the property for all purposes is most commonly manifested by provisions in the instrument of appointment which blend the owned property of the donee with the property subject to the power." It is difficult to see how the intent to blend could be more plainly manifested than by a will which is in all respects adapted to dispose of independently owned property of the testatrix, but which also in its general residuary clause constitutes the exercise of a power transferring or attempting to transfer the appointive property in a single

mass with that independently owned to the same residuary legatees. When once it is conceded, as it must be under our former decisions hereinbefore cited, that the residuary clause of Mrs. Phillips's will was an exercise of her power of appointment in favor of her residuary legatees, in the absence of anything to show a contrary intent on her part, the attempted blending of her appointive property with any separate property she might leave shows an intent to take the former out of the original trust for all purposes and to add it to her own estate. *In re Ickeringill's Estate,* 17 Ch. D. 151. *Willoughby-Osborne* v. *Holyoake,* 22 Ch. D. 238. *Coxen* v. *Rowland,* [1894] 1 Ch. 406. *In re Vander Byl,* [1931] 1 Ch. 216. *Bradford* v. *Andrew,* 308 Ill. 458. *Northern Trust Co.* v. *Porter,* 368 Ill. 256, 264, 265.

As there is nothing to show that the pecuniary legacy in Mrs. Phillips's will to Frank Edson Sheldon was intended as an exercise of the power of appointment, no part of the trust fund is payable to him. *Slayton* v. *Fitch Home, Inc.* 293 Mass. 574, 578–580. Am. Law Inst. Restatement: Property, §§ 466, 488, comment "d" (c. 26, to which reference has already been made).

A final decree is to be entered directing the petitioner that Elizabeth E. McLean is entitled to one half of the fund in its hands and that Andrew W. Phillips as administrator of the estate of Mary V. Phillips is entitled to the other half.

*Ordered accordingly.*