**GUARANTY TRUST CO. OF NEW YORK et al. v. JOHNSON.**

**No. 118, Docket 20813.**

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1948.

Duer, Taylor, Wright, Woods & Chapman, of New York City (John S. Chapman, Jr., and Harter F. Wright, both of New York City, of counsel), for plaintiffs-appellants.

John F. X. McGohey, U. S. Atty., of New York City (Henry L. Glenn, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellee.

Before CHASE, CLARK and FRANK, Circuit Judges.

CHASE, Circuit Judge.

Louise B. Goldsmith died a resident of New York on November 18, 1943. Her last will and testament was filed for probate in New York County. The plaintiffs, duly appointed and qualified executors of her will, brought suit in the District Court for the Southern District of New York to recover with interest estate taxes paid to the defendant collector. The District Court denied their motion for summary judgment and dismissed their complaint on the merits. They have appealed.

The appeal concerns the includibility in the decedent's gross estate of the value of the corpus of a trust over which she had the power of appointment at her death. The principal issue is whether she exercised that power of appointment within the meaning of Sec. 403(d) of the Revenue Act of 1942, 56 Stat. 944, as amended by 56 Stat. 1054 and Sec. 10 of the Current Payment Tax Act of 1943, 57 Stat. 126, 150, 26 U.S. C.A. Int.Rev.Acts, pages 331, 381, 412.

The pertinent facts are as follows. The decedent's sister on April 5, 1929 created an inter vivos trust providing for the payment of income to herself and the decedent in stated proportions during their respective lives. The trust deed gave the decedent, in the event of the grantor's prior death,[1] a general power of appointment by will over the corpus of the trust and provided that in

---

[1] The grantor died on March 6, 1930.

default of appointment the corpus should be paid "to the brothers of the grantor then surviving, and to the issue of any of the said brothers who shall theretofore have died leaving issue then surviving, in equal shares per stirpes and not per capita."

The will of the decedent in a codicil described her residuary estate in the following way: " * * * all the rest, residue and remainder of my estate, whether real, personal or mixed, of whatsoever kind, or wheresoever situated, of which I may die seized or possessed, or in which I shall have any interest, or over which I shall have any power of appointment, and including any and all lapsed legacies and devises, all of which estate is hereinafter referred to as my residuary estate * * *."

This residuary estate was devised and bequeathed in such a manner that the living brothers of the decedent and the surviving issue of her deceased brothers would take the corpus of the trust in exactly the same proportions and amounts that they would, in default of appointment, have taken it under the grantor's trust deed, with two provisos: first, that a sister, Lina Schmitt, should predecease her, as in fact she did; and second, that her residuary estate exclusive of the trust property would be sufficient, as it in fact turned out to be, to pay five specific $1,000 bequests to residuary legatees, as well as taxes, expenses, and debts. The living brothers and issue of the deceased brothers of the decedent, all being competent so to do, renounced their right to take any of the trust corpus under the will. The estate tax return filed did not include the value of the trust corpus in the gross estate but upon audit of the return that value was included and a deficiency determined and assessed. The appellants paid the deficiency and duly filed a claim for refund which was rejected, and then brought this suit.

Before the Revenue Act of 1942 became effective, the statute applicable to such a state of facts was Sec. 811(f) (1) of the Internal Revenue Code. That made the "passing" of property under a general power of appointment exercised by the decedent the test of includibility of its value in the gross estate. We held in Grinnell v. Commissioner, 2 Cir.. 70 F.2d 705, that an attempt to exercise by will a general power of appointment in such a way that the appointees took as they would have taken in default of appointment was not a "passing" of property within Sec. 811(f) (1) where the appointees renounced the appointment and took as remaindermen under the will that created the power. Hence the value of the property over which the decedent had the power was not brought into the gross estate. The Supreme Court affirmed sub nomine Helvering v. Grinnell, 294 U.S. 153, 55 S.Ct. 354, 79 L.Ed. 825. When the Revenue Act of 1942 became effective on October 21, 1942, Sec. 811(f) (1) was amended by Sec. 403(a). The new statute did not retain the "passing" of the property through the exercise of a general power of appointment by the decedent as the controlling factor but made the existence of such a power at death decisive. Congress did, however, in Sec. 403(d) (3) cushion the impact upon taxpayers of this change by making it inapplicable "with respect to any power to appoint created on or before the date of the enactment of this Act if it is released before January 1, 1943 [2] * * * or if the decedent dies before January 1, 1943 * * * and such power is not exercised."

Since the decedent did not release the power, since the power was created before the effective date of the statute, and since the decedent died before the critical date of the statute as amended, the right of the appellants to recover the tax paid must be established, if at all, by showing that the power was not "exercised" within the meaning of Sec. 403(d) (3).

That the decedent did "exercise" the power in the sense that she expressly made the trust corpus part of her residuary estate, for the disposition of which she provided, is abundantly clear. But the appellants

---

[2] The original critical date in the 1942 Act was January 1, 1943. This was changed to July 1, 1943 by 56 Stat. 1054 and to March 1, 1944 by the Current Tax Payment Act of 1943, which was the statutory provision in effect at the date of the decedent's death. This date was extended by subsequent legislative enactments to July 1, 1948, 61 Stat. 178.

argue that this was not enough to constitute an "exercise" of the power within Sec. 403 (d) (3), since the will was but an "echo" of the provisions of the trust deed. And thus, in effect, they define "exercise" as used in Sec. 403(d) (3) so as to make it dependent upon the "passing" of the property and arrive at the same point as to non-inclusion of the trust corpus in the decedent's gross estate they would have reached under Helvering v. Grinnell, supra, before the Revenue Act of 1942 was passed. Before we may decide whether this definition is correct, however, it is necessary to determine whether the appellants are right in asserting that there was but a mere "echo" by the decedent of the provisions in the trust deed. While it is true that her separate property did turn out to be sufficient to pay all the charges she placed upon her residuary estate, it is equally true that she so exercised her power of appointment that the trust corpus was made available to pay those charges should resort to it have been necessary or even taken. She herself expressly included the trust corpus in her gross estate. Having done so, it became a part of her gross estate both for purposes of distribution so far as possible in accordance with the terms of her will and for purposes of taxation like any other part of her gross estate. That it so happened that at her death the appointed property was neither needed nor used to pay any specific legacies or charges is quite irrelevant. What was said in Estate of Rogers v. Commissioner, 320 U.S. 410, at page 413, 64 S.Ct. 172, 174, 88 L.Ed. 134, seems particularly apt here. "For the purpose of ascertaining the corpus on which an estate tax is to be assessed, what is decisive is what values were included in dispositions made by a decedent, values which but for such dispositions could not have existed. That other values, whether worth more or less as to some of the beneficiaries, would have ripened into enjoyment if a testator had not exercised his privilege of transmitting property does not alter the fact that he and no one else did transmit property which was his to do with as he willed. And that is precisely what the federal estate tax hits—an exercise of the privilege of directing the course of property after a man's death."

What this decedent did was to create, by the exercise in her will of her power of appointment, a larger estate than she otherwise would have had. She thus directed the course of that property after her death at least to the extent that she commingled it with whatever separate estate she left, and willed both indiscriminately. She called the commingled property her residuary estate and subjected it to the payment of charges, including the payment of the five specific $1000 legacies. Though strictly speaking her residuary estate may have been only what was left after her estate and inheritance taxes, funeral and administration expenses, and debts had been paid, she made what she meant clear enough. She intended to have whatever these charges might amount to paid out of any property which she had designated as her residuary estate, of which she had made the trust corpus a part. What she did was no mere echo of the terms of the deed of trust. She, on the contrary, exercised her power of appointment to enhance her own estate at the moment she died and thereby blended together all the property she controlled. Cf. Old Colony Trust Co. v. Allen, 307 Mass. 40, 29 N.E.2d 310.

The test of includibility under the appellants' definitions of "exercise," as they themselves have pointed out, is whether the decedent made a disposition of the appointive property different from that provided by the trust instrument in default of the exercise of the power. That she made such a disposition is clear, and that the trust corpus was actually distributed to the takers in default immaterial. The decedent, therefore, clearly exercised her power within the meaning of Sec. 403(d) (3) and the value of the trust corpus was properly included in her gross estate.

Judgment affirmed.