**WILSON et al. v. KRAEMER, Collector of Internal Revenue, et al.**

No. 234, Docket 21971.

United States Court of Appeals Second Circuit.

Argued May 1, 1951.

Decided June 4, 1951.

342

Wilson, Hanna & Wanderer, Danbury, Conn. (Monroe J. Cahn, White Plains, N. Y., Lawrence S. Greenbaum, New York City, and Frank J. Nardozzi, Mount Vernon, N. Y., of counsel), for plaintiffs.

Theron Lamar Caudle, Ellis N. Slack and L. W. Post, all of Washington, D. C. (Adrian W. Maher and Edward J. Lonergan, Hartford, Conn., of counsel), for defendants.

Before L. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Under § 302(f) of the 1926 Revenue Act,[1] there was included in a decedent's gross estate the value of all property "To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will * * *." This required three elements: (1) the existence of such a power, (2) an exercise of that power, and (3) the passing of that property by means of that exercise. Construing that section, the Supreme Court, in Helvering v. Grinnell, 294 U.S. 153, 157, 55 S.Ct. 354, 79 L.Ed. 825, decided in 1935, distinguished between (a) an exercise of a power and (b) the passing of property pursuant to the exercise. This distinction was again recognized in Helvering v. Safe Deposit Co., 316 U.S. 56, 65, 62 S.Ct. 925, 86 L.Ed. 1266, decided April 13, 1942. We take it that those decisions established this rule: If the exercise of the power merely echoed the limitations over upon default (and especially if the appointee renounced the appointment), there was no "passing" under the power within § 302(f).

Subsequent to those decisions, Congress, by the Revenue Act of October 21, 1942, amended the provisions relating to powers of appointment, 26 U.S.C. § 811(f), by substituting § 403(a) of the 1942 Act[2] for § 302(f) of the 1926 Act. The new section includes in the gross estate the value of property "To the extent of any property (A) with respect to which the decedent has at the time of his death a power of appointment * * *." By § 403(d) (3) of the 1942 Act, this new provision was made inapplicable, and old § 302(f) was left intact, if, *inter alia,* "the decedent dies before January 1, 1943 * * * and such power is not exercised."[3] On December 17, 1942, by an amendment, this date was changed to July 1, 1943.[4] On March 10, 1943, a Treasury Regulation issued, which read:[5] "A power to appoint is exercised where the property subject thereto is appointed to the taker in default of appointment, regardless of whether or not the appointed interest and the interest in default of appointment are identical, and regardless of whether or not the appointee renounced any right to take under the appointment." Some three months later, on June 9, 1943, by an amendment, Congress changed the date in § 403(d) (3) to March 1, 1944.[6] The decedent died January 12, 1944. By subsequent amendments, Congress several

1. 44 Stat. 71, 26 U.S.C.A.Int.Rev.Acts, page 230.

2. 56 Stat. 942.

3. 56 Stat. 944.

4. 56 Stat. 1054.

5. T.R. 105, 26 C.F.R. § 81.24(b) (1).

6. 57 Stat. 150, § 10.

times put forward the date in § 403(d)(3).[7]

After the issuance of the Regulation, the Supreme Court, on December 6, 1943, in Estate of Rogers v. Commissioner, 320 U.S. 410, 415, 64 S.Ct. 172, 174, 88 L.Ed. 134, in construing § 302(f), said, in a dictum, "Where a donee of a power merely echoes the limitations over upon a default of appointment he may well be deemed not to have exercised his power, and therefore not to have passed any property under such a power." On the basis of this dictum, taxpayer argues that the words "and such power is not exercised" in § 403(d)(3) must be so interpreted that a power is not to be regarded as exercised if it merely echoes the limitations over upon default of appointment.

We do not agree. Before the enactment of § 403(d)(3), the Supreme Court, as above noted, had carefully differentiated (1) the exercise of a power from (2) an exercise which effectively passed the property. In those circumstances, it was not unreasonable to interpret § 403(d)(3) to include a mere echoing exercise. The Treasury Regulation, which thus interpreted it, was therefore not unreasonable, and, consequently, was valid. The dictum in the subsequent Rogers case—a dictum relating to "passing" under § 302(f)—has no bearing on the validity of the Regulation. Moreover, with this Regulation outstanding, Congress repeatedly amended § 403(d)(3) without altering the words "such power is not exercised." See Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536. Accordingly, the decedent's will exercised the power within the meaning of § 403(d)(3).[8]

---

7. 58 Stat. 72–73, February 25, 1944; 58 Stat. 830, December 20, 1944; 59 Stat. 264, June 29, 1945; 60 Stat. 229, May 29, 1946; 61 Stat. 178, June 25, 1947; 62 Stat. 387, June 12, 1948; 63 Stat. 280, Chap. 268, Pub.Law 137, June 28, 1949; 64 Stat. 260, Chap. 371, Pub. Law 578, June 27, 1950.

8. In Estate of Sarah Moran v. Commissioner, 16 T.C. 814, decided April 19, 1951, the Tax Court admirably stated the same conclusion as follows: "We have examined carefully the interesting question presented, and the cases cited, and after much study we conclude that we should sustain the respondent's first view that, in order to make effective the new rule adopted in 1942, there need be no passage of title under the power, no effective exercise, in the sense of being effective in spite of renunciation by the recipients named, but only that the power be exercised—as it clearly was by decedent's will, for she said that the 'rest, residue and remainder of my estate * * * over which I have power of appointment * * * I give, devise, bequeath and appoint. * * *.' The power was exercised here just as in the Grinnell case the court said it was—though holding that nevertheless the property did not pass thereunder, within the statutory language, because of the rejection of title under the power, by the beneficiaries. That only exercise of power, and not exercise effective to pass title, in the face of renunciation by re-cipients designated, is fairly required by section 403(d)(3) of the 1942 Act is indicated, first, by the fact that, after the Grinnell decision—in 1935—Congress in 1942 cannot reasonably have been unconscious of the necessity of expressing exercise sufficient to pass title, as under the former statute, had it so intended; second, because the old statute expressly requires 'passing' of title under the power and the new law pointedly omits that language, saying 'exercised' instead of the former language: 'passing under a general power of appointment exercised * * *'; and, third, because Regulations 105, § 81.24 as amended by T.D. 5239 in 1943 to conform to the Revenue Act of 1942 (C.B.1943, p. (1081) provides in pertinent part that there the Regulation is quoted). This regulation is to be considered as having the effect of law, for section 403(d)(3) has since been repeatedly amended, without change in the language as to the phrase 'and such power is not exercised.' Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536. The fact that in the Grinnell case the Supreme Court relied on the necessity, within the text of the then statute, for 'passing' of property if it was to be included in gross estate, renders it obvious that, under the Revenue Act of 1942, requiring only the power of appointment, and, as to powers set up prior to that time, merely that they be exercised, no passing of property to un-

344

While it is not necessary for our decision, we add that we think the appointment here was not of an echoing kind. For the decedent exercised the power to make five money bequests, aggregating $21,501.00, to individuals not mentioned by his mother, and, of the property subject to the power, gave only the balance to his daughter, who would have taken in default of appointment. See Guaranty Trust Co. of New York v. Johnson, 2 Cir., 165 F.2d 298.

Affirmed.

willing appointees is necessary. We see no reason for application here of the prior rule, based on the word 'passing,' but rather that it is affirmatively shown, by the text of the new statute, to be here inapplicable. We conclude and hold that the power of appointment, duly and expressly exercised by the decedent, in her will, was exercised within the intendment of section 403(d) (3), irrespective as to whether it was effective to pass the property despite renunciation by the designated beneficiaries."